# EXHIBIT A

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):
Bradley J. Swingle, 171535/Richard D. Moths, 298455
Arata Swingle Van Egmond & Goodwin
1207 I Street, Modesto, CA 95354
TELEPHONE NO.: (209)522-2211   FAX NO.: (209)522-2980
ATTORNEY FOR (Name): Michael Robert Neky

FOR COURT USE ONLY

**FILED**
**SAN MATEO COUNTY**
JAN 17 2019
Clerk of the Superior Court
By _____
DEPUTY CLERK

19-CIV-00358
CCS
Civil Case Cover Sheet
1601420

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, 94063
BRANCH NAME: Southern Branch: Hall of Justice and Records

CASE NAME:
Neky v. Costco

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 19CIV00358 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[X] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):* 2
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 14, 2019

Richard D. Moths
(TYPE OR PRINT NAME)                    ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

MAR 0 3 2019

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COSTCO WHOLESALE CORPORATION, and DOES 1 through 25,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MICHAEL NEKY

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED FILED
SAN MATEO COUNTY

JAN 17 2019

Clerk of the Superior Court
By UNA FINAU
DEPUTY CLERK

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Mateo County Superior Court<br>400 County Center<br>Redwood City, CA 94063 | CASE NUMBER:<br>*(Número del Caso):*<br>19 C I V 0 0 3 5 8 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bradley J. Swingle, 171535/Richard D. Moths/298455          (209)522-2211
Arata Swingle Van Egmond & Goodwin
1207 I Street, Modesto, CA 95354

DATE:                    Clerk, by                              , Deputy
*(Fecha)* JAN 17 2019  NEAL TANIGUCHI  *(Secretario)* UNA FINAU  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒☒ on behalf of *(specify):*   COSTCO WHOLESALE CORPORATION

under: ☒☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* MAR 0 3 2019

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.

1 | Bradley J. Swingle, SBN 171535
Richard D. Moths, SBN 298455

2 | ARATA, SWINGLE, VAN EGMOND & GOODWIN
A Professional Corporation

3 | 1207 I Street
Post Office Box 3287

4 | Modesto, California 95353
Telephone: (209) 522-2211

5 | Facsimile:  (209) 522-2980

6

7 | Attorneys for Plaintiff:
MICHAEL NEKY

8

**ENDORSED FILED**
SAN MATEO COUNTY

JAN 17 2019

Clerk of the Superior Court
UNA FINAU
DEPUTY CLERK

9 | SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO

10

11 | MICHAEL NEKY,

Case Number: 19 C I V 0 0 3 5 8

12 | Plaintiff,

**COMPLAINT FOR PERSONAL
INJURIES AND DAMAGES**

13 | v.

**(Unlimited – Exceeds $25,000.00)**

14 | COSTCO WHOLESALE CORPORATION,
and DOES 1 through 25, inclusive,

15

16 | Defendants.
_____/

17

18 | Plaintiff, MICHAEL NEKY, alleges as follows:

19 | <u>**GENERAL ALLEGATIONS**</u>

20 | 1. Plaintiff, is, and at all times mentioned herein was, an individual residing in Modesto,

21 | County of Stanislaus, California.

22 | 2. Plaintiff is informed and believes, and thereon alleges, that Defendant, COSTCO

23 | WHOLESALE CORPORATION, (hereinafter "Costco" or "Defendant"), is corporation, authorized to do

24 | business in the State of California.

25 | 3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1

26 | through 25, inclusive, and therefore sues these Defendant by such fictitious names. Plaintiff is informed

27 | and believes and thereon alleges that each of the DOE defendants is responsible in some manner, either

28

1   intentionally, willfully, wantonly, negligently or otherwise for the events and happenings as herein

2   alleged.  Plaintiff will amend this Complaint to allege the true names and capacities when ascertained.

3      4.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein,

4   Defendants, and each of them, were the agents and employees of each of the remaining Defendants, and in

5   so doing the things alleged herein, were acting within the course and scope of said agency and

6   employment.

7                           **FIRST CAUSE OF ACTION**

8                                **(Negligence)**

9      5.      Plaintiff incorporates by reference Paragraphs 1 through 4 as though fully set forth herein.

10     6.      On or about January 19, 2017, Plaintiff was working for Heartland Express Inc., delivering

11  goods to real property located at 1001 Metro Center Boulevard, Foster City, California 94404, owned by

12  Costco.

13     7.      As Plaintiff was walking on the delivery docks he slipped on a wet and slippery section of

14  Costco' property causing him to fall and sustain severe personal injuries.

15     8.      Plaintiff is informed and believes and thereon alleges that Defendants, and each of them,

16  were negligent in their ownership, control and/or maintenance of the property identified above so as to

17  proximately cause the plaintiff's fall, resulting in serious injuries and damages to plaintiff as more

18  particularly set forth below.  Plaintiff asserts that Costco knew or should have known of this dangerous

19  slippery condition but took no steps to remedy the condition nor did Costco provide any warnings of the

20  condition.

21     9.      As a direct and proximate result of Defendants' negligence, and each of them, Plaintiff was

22  hurt and injured in his health, strength and activity, sustaining injury to his person, all of which injuries

23  have caused and will continue to cause him great mental, physical and nervous pain and suffering.

24  Plaintiff is informed and believes, and thereon alleges, that such injuries will result in some permanent

25  disability to him.  As a result of such injuries, Plaintiff has suffered general damages in an amount to be

26  proven at the time of trial.

27     10.     As a further direct and proximate result of Defendants' negligence, and each of them,

28  Plaintiff has incurred and will continue to incur medical and related expenses to physicians, surgeons,

-2-

1  hospital care and other medical services and supplies.  The full amount of these expenses is not known to

2  Plaintiff at this time.  Plaintiff prays leave to amend this Complaint to state the amount when it becomes

3  known to him.

4       11.    As a further direct and proximate result of Defendants' negligence, and each of them,

5  Plaintiff has necessarily suffered a loss of earnings and is informed and believes, and thereon alleges, that

6  he will continue such a loss for an indefinite time in the future.  Plaintiff's earning capacity has been

7  greatly reduced, all to his further special damages in amounts currently unknown.  Plaintiff prays leave to

8  amend this Complaint to assert the true amounts when they are ascertained.

9  **SECOND CAUSE OF ACTION**

10  **(Premises Liability)**

11       12.    Plaintiff incorporates by reference Paragraphs 1 through 11 as though fully set forth herein.

12       13.    At the aforesaid time and place Plaintiff was lawfully on Defendants' premises.

13       14.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them,

14  failed to maintain their property in a reasonably safe condition, acted with less than reasonable care and

15  was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

16           a.    Improperly operated, managed, maintained and controlled its premises in failing to

17  properly maintain the aforementioned property including the delivery areas, docks and walking areas.

18           b.    Failed to provide warnings to Plaintiff and other persons lawfully on said premises

19  of the dangerous condition in the form of signs, guards or verbal warnings when Defendants knew or

20  should have known in the exercise of ordinary care that said warning was necessary to prevent injury to

21  the Plaintiff.

22           c.    Failed to make a reasonable inspection of its premises when it knew or in the

23  exercise of ordinary care should have known that said inspection was necessary to prevent injury to

24  Plaintiff and others lawfully on said premises.

25           d.    Was otherwise careless and negligent in the operation of its premises.

26       15.    As a direct and proximate result of Defendants' failure to maintain their property in a

27  reasonably safe condition, and each of them, Plaintiff was hurt and injured in his health, strength and

28  activity, sustaining injury to his person, all of which injuries have caused and will continue to cause him

1  great mental, physical and nervous pain and suffering.  Plaintiff is informed and believes, and thereon

2  alleges, that such injuries will result in some permanent disability to him.  As a result of such injuries,

3  Plaintiff has suffered general damages in an amount to be proven at the time of trial.

4        16.    As a further direct and proximate result of Defendants' failure to maintain their property in

5  a reasonably safe condition, and each of them, Plaintiff has incurred and will continue to incur medical

6  and related expenses to physicians, surgeons, hospital care and other medical services and supplies.  The

7  full amount of these expenses is not known to Plaintiff at this time.  Plaintiff prays leave to amend this

8  Complaint to state the amount when it becomes known to him.

9        17.    As a further direct and proximate result of Defendants' failure to maintain their property in

10  a reasonably safe condition, and each of them, Plaintiff has necessarily suffered a loss of earnings and is

11  informed and believes, and thereon alleges, that he will continue such a loss for an indefinite time in the

12  future.  Plaintiff's earning capacity has been greatly reduced, all to his further special damages in amounts

13  currently unknown.  Plaintiff prays leave to amend this Complaint to assert the true amounts when they

14  are ascertained.

15        18.    As a direct and proximate result of Defendants' failure to warn Plaintiff, and each of them,

16  Plaintiff was hurt and injured in his health, strength and activity, sustaining injury to his person, all of

17  which injuries have caused and will continue to cause her great mental, physical and nervous pain and

18  suffering.  Plaintiff is informed and believes, and thereon alleges, that such injuries will result in some

19  permanent disability to him.  As a result of such injuries, Plaintiff has suffered general damages in an

20  amount to be proven at the time of trial.

21        19.    As a further direct and proximate result of Defendants' failure to warn Plaintiff, and each

22  of them, Plaintiff has incurred and will continue to incur medical and related expenses to physicians,

23  surgeons, hospital care and other medical services and supplies.  The full amount of these expenses is not

24  known to Plaintiff at this time.  Plaintiff prays leave to amend this Complaint to state the amount when it

25  becomes known to him.

26        20.    As a further direct and proximate result of Defendants' failure to warn Plaintiff, and each

27  of them, Plaintiff has necessarily suffered a loss of earnings and is informed and believes, and thereon

28  alleges, that he will continue such a loss for an indefinite time in the future. Plaintiff's earning capacity

1   has been greatly reduced, all to his further special damages in amounts currently unknown.  Plaintiff prays

2   leave to amend this Complaint to assert the true amounts when they are ascertained.

3        WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

4      1.     For general damages according to proof;

5      2.     For special damages, including medical and related expenses according to proof;

6      3.     For loss of earnings and earning capacity according to proof;

7      4.     For costs of suit herein incurred; and

8      5.     For such other and further relief as the court may deem proper.

9   DATED:  January 14, 2019.         ARATA, SWINGLE, VAN EGMOND & GOODWIN
                                  A Professional Law Corporation

11                                By

12                                Bradley J. Swingle

13                                Richard D. Moths
                                  Attorneys for Plaintiff
                                  MICHAEL NEKY

-5-

## NOTICE OF CASE MANAGEMENT CONFERENCE

*Michael Neky*

*Costco Wholesale Corp.* vs.

**ENDORSED FILED**
**SAN MATEO COUNTY**

JAN 17 2019

Clerk of the Superior Court
By UNA FINAU
DEPUTY CLERK

Case No: **19CIV00858**

Date: **MAY 17 2019**

Time 9:00 a.m.

_____ Dept. _____     --on Tuesday & Thursday

_____ Dept. **11**     --on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1.  In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

    a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).

    b) Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.

    c) File and serve a completed Case Management Statement at least 15-days before the Case Management Conference (CRC 212(g)). Failure to do so may result in monetary sanctions.

    d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.

2.  If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3.  Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4.  Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10-days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5.  If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7.  The Case Management judge will issue orders at the conclusion of the conference that may include:

    a) Referring parties to voluntary ADR and setting an ADR completion date;

    b) Dismissing or severing claims or parties;

    c) Setting a trial date.

8.  The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).*





SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
MULTI OPTION ADR PROJECT
HALL OF JUSTICE AND RECORDS
400 COUNTY CENTER
REDWOOD CITY, CALIFORNIA 94063

## ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

> Clerk of the Superior Court, Civil Division
> Attention: Case Management Conference Clerk
> Superior Court of California, County of San Mateo
> 400 County Center
> Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

- ❑ Original signatures for all attorneys (and/or parties in pro per);
- ❑ The name of the neutral;
- ❑ Date of the ADR session; and
- ❑ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the court's Civil ADR Program Panelist List and information sheets on individual panelists, they may visit the court's website at www.sanmateocourt.org/adr.

### If Filing the Stipulation Prior to an Initial Case Management Conference

To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

### If Filing Stipulation Following a Case Management Conference

When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(i)(3)*].

### Post-ADR Session Evaluations

*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the Civil ADR Program Panelist List or can be downloaded from the court's web site.

### Non-Binding Judicial Arbitration

Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted.

For further information regarding San Mateo Superior Court's Civil ADR and Judicial Arbitration Programs, visit the Court's website at www.sanmateocourt.org/adr or contact the ADR offices at **(650) 261-5075 or (650) 261-5076.**

| Attorney or Party without Attorney (Name, Address, Telephone. Fax, State Bar membership number): | Court Use Only |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655   (650) 261-5100 | |
| Plaintiff(s): | Case number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*].  Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

◯ Voluntary Mediation          ◯ Binding Arbitration (private)
◯ Neutral Evaluation           ◯ Settlement Conference (private)
◯ **Non-Binding Judicial Arbitration CCP 1141.12**  ◯ Summary Jury Trial  ◯ Other: _____

Case Type: _____

Neutral's name and telephone number: _____ Date of session: _____
(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: _____

_____

                                          Original Signatures

_____          _____
Type or print name of ☐ Party without attorney ☐ Attorney for     (Signature)
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant          Attorney or Party without attorney

_____          _____
Type or print name of ☐ Party without attorney ☐ Attorney for     (Signature)
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant          Attorney or Party without attorney

_____          _____
Type or print name of ☐ Party without attorney ☐ Attorney for     (Signature)
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant          Attorney or Party without attorney

_____          _____
Type or print name of ☐ Party without attorney ☐ Attorney for     (Signature)
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant          Attorney or Party without attorney

**IT IS SO ORDERED:**

Date:                                     _____
                                          Judge of the Superior Court of San Mateo County

CIV-050

***- DO NOT FILE WITH THE COURT-***
***-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -***

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:  Bradley J. Swingle, SBN 171535  Arata Swingle Van Egmond & Goodwin  1207 I Street  Modesto, CA 95354  TELEPHONE NO.: (209)522-2211 | |
| ATTORNEY FOR *(name)*: Michael Robert Neky | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, 94063
BRANCH NAME: Southern Branch: Hall of Justice and Records

PLAINTIFF: Michael Neky
DEFENDANT: Costco Wholesale Corporation

| STATEMENT OF DAMAGES  (Personal Injury or Wrongful Death) | CASE NUMBER:  19CIV00358 |
|---|---|

To *(name of one defendant only)*: Costco Wholesale Corporation
Plaintiff *(name of one plaintiff only)*: Michael Neky
seeks damages in the above-entitled action, as follows:

AMOUNT

1. **General damages**
   a. [X] Pain, suffering, and inconvenience ................................................................. $ 500,000
   b. [X] Emotional distress. ........................................................................................ $ 500,000
   c. [ ] Loss of consortium ......................................................................................... $ _____
   d. [ ] Loss of sociey and companionship *(wrongful death actions only)* .................. $ _____
   e. [ ] Other *(specify)* ............................................................................................. $ _____
   f. [ ] Other *(specify)* ............................................................................................. $ _____
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [X] Medical expenses *(to date)* ........................................................................ $ 25,000
   b. [X] Future medical expenses *(present value)* .................................................. $ 100,000
   c. [X] Loss of earnings *(to date)* .......................................................................... $ 100,000
   d. [X] Loss of future earning capacity *(present value)* ........................................ $ 300,000
   e. [ ] Property damage ........................................................................................... $ _____
   f. [ ] Funeral expenses *(wrongful death actions only)* ......................................... $ _____
   g. [ ] Future contributions *(present value)* *(wrongful death actions only)* ........... $ _____
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____
   i. [ ] Other *(specify)* ............................................................................................. $ _____
   j. [ ] Other *(specify)* ............................................................................................. $ _____
   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ _____
   when pursuing a judgment in the suit filed against you.

Date: 2/28/2019

Bradley J. Swingle
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

CIV-050

| PLAINTIFF: Michael Neky | CASE NUMBER: |
|---|---|
| DEFENDANT: Costco Wholesale Corporation | |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages ☐ Other *(specify):*

   b. on *(name):*

   c. by serving ☐ defendant ☐ other *(name and title or relationship to person served):*

   d. ☐ by delivery ☐ at home ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box):*
   a. ☐ **Personal service. By personally delivering copies. (CCP § 415.10)**
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity. By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))**
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate. By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) (Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**

   d. ☐ **Mail and acknowledgment service. By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) (Attach completed acknowledgment of receipt.)**

   e. ☐ **Certified or registered mail service. By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) (Attach signed return receipt or other evidence of actual delivery to the person served.)**

   f. ☐ Other *(specify code section):*
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**PROOF OF SERVICE**
(Statement of Damages)

POS-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY:**
BRADLEY J. SWINGLE, ESQ.  (298455)
ARATA,SWINGLE,VAN EGMOND & GOODWIN
912 11th. STREET, FIRST FLOOR
P.O. BOX 3287
MODESTO, CA 95353

TELEPHONE NO.: (209) 522-2211    FAX NO.: (209) 522-2980
ATTORNEY FOR: Plaintiff

FOR COURT USE ONLY
FILED
SAN MATEO COUNTY
MAR 2 5 2019
Clerk of the Superior Court
By _____
DEPUTY CLERK

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, 94063
BRANCH NAME: Redwood City Courthouse

PLAINTIFF: MICHAEL NEKY
DEFENDANT: COSTCO WHOLESALE CORPORATION, et al

CASE NUMBER:
19CIV00358

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet (served in complex cases only)
   e. [ ] cross-complaint
   f. [X] other (specify documents):
      NOTICE OF CASE MANAGEMENT CONFERENCE; STATEMENT OF DAMAGES (Personal Injury or Wrongful Death)

19 - CIV - 00358
PSP
Proof of Service by PERSONAL SERVICE of
1724537

3. a. Party served *(specify name of party as shown on documents served):*
      COSTCO WHOLESALE CORPORATION
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)
      ALBERT DAMONTE, Process agent for CT CORPORATION SYSTEMS / REGISTERED AGENT

4. Address where the party was served:
   818 W. 7TH. STREET, SUITE 930, LOS ANGELES, CA 90017

5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date)*:03/01/2019  (2) at *(time):* 2:12 PM
   b. [ ] **by substituted service.** On *(date):*            at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where copies were left (Code Civ. Proc., 415.20). I mailed the documents on *(date):*            from *(city):*            or [ ]
      a declaration of mailing is attached.
      (5) [ ] I attached a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2



| PLAINTIFF: MICHAEL NEKY<br>DEFENDANT: COSTCO WHOLESALE CORPORATION, et al | CASE NUMBER:<br>19CIV00358 |
|---|---|

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*    (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.

    b. ☐ as the person sued under the fictitious name of*(specify):*

    c. ☐ as occupant.

    d. ☒ On behalf of*(specify):* COSTCO WHOLESALE CORPORATION

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

    a. Name:Carlos Canas

      Firm:Cal Process Servers

    b. Address:14271 Jeffrey Road, #308, Irvine, CA 92620

    c. Telephone number:(949) 295-8028

    d. **The fee for the service was:** $60.00

    e. I am:

      (1) ☐ not a registered California process server.

      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

      (3) ☒ a registered California process server.

        (i) ☒ owner ☐ employee ☐ independent contractor.

        (ii) Registration No.:4571

        (iii) County:Los Angeles

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:

        3/07/19

       Carlos Canas

    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *(SIGNATURE)*

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Job Number RSC-2019000256

1 | ARTHUR J. CASEY [SBN 123273]
CASEY LAW GROUP
2 | 16450 Los Gatos Blvd., Suite 110
Los Gatos, CA 95032
3 | Tel:   408-660-3102
Fax:   408-660-3105
4 | Email: acasey@caseylawsj.com

5 | Attorneys for Defendant COSTCO
WHOLESALE CORPORATION

6

7

**ENDORSED FILED**
**SAN MATEO COUNTY**

APR 1 5 2019

Clerk of the Superior Court
By UNA FINAU
DEPUTY CLERK

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF SAN MATEO

10

11 | MICHAEL NEKY,

Case No. 19CIV00358

12 |          Plaintiff,

**ANSWER TO COMPLAINT FOR
PERSONAL INJURIES AND DAMAGES**

13 | vs.

14 | COSTCO WHOLESALE CORPORATION,
and DOES 1 through 25, inclusive,

Complaint Filed: January 17, 2019

15 |          Defendants.

16

17 |          COME NOW Defendant, Costco Wholesale Corporation ("Defendant") and in answer to

18 | the Complaint of Michael Neky ("Plaintiff") on file herein, admits, denies, and alleges as follows:

19 |                                        I.

20 |          Answering all causes of action pled by the above-named plaintiff, this answering

21 | Defendant, pursuant to Code of Civil Procedure section 431.30, deny, both generally and

22 | specifically, every material allegation, including the damage allegations, in every cause of action

23 | alleged.

24 |                          **AFFIRMATIVE DEFENSES**

25 |          AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, this

26 | answering Defendant believes and thereon alleges that Plaintiff was careless and negligent in and

27 | about the matters complained of and that such carelessness and negligence contributed to the

28 | happening of the incident complained of, and the damages, if any, sustained thereby.

CASEY LAW GROUP
ATTORNEYS AT LAW

1
ANSWER TO COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

CASEY LAW GROUP
ATTORNEYS AT LAW

1   AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

2   herein, this answering Defendant is informed and believes and based thereon alleges that Plaintiff,

3   with full appreciation of the particular risks involved, nevertheless knowingly and voluntarily

4   assumed the risks and hazards of the incident complained of, and the damages, if any, resulting

5   therefrom.

6   AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

7   herein, this answering Defendant alleges that the Complaint fails to state facts sufficient to

8   constitute a cause of action against this answering Defendant.

9   AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

10  herein, this answering Defendant is informed and believe and based thereon allege that Plaintiff's

11  causes of action are barred by reason of Plaintiff's failure to mitigate damages, if any.

12  AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

13  herein, this answering Defendant asserts that Plaintiff's injuries were caused or contributed to by

14  third parties in a percentage to be determined at trial and that Plaintiff's recovery of noneconomic

15  damages shall be reduced in proportion to such third parties' percentage of fault.  Civil Code §

16  1431.2.

17  AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

18  herein, this answering Defendant alleges that Plaintiff's claims for noneconomic damages and

19  other nonpecuniary damages, including, but not limited to, pain, suffering, inconvenience,

20  physical impairment, and disfigurement, are barred by the provisions of Civil Code Sections

21  3333.3 and 3333.4 as adopted by the voters of the State of California as Proposition 213.

22  AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

23  herein, this answering Defendant alleges that said Complaint does not state facts sufficient to

24  constitute a cause of action in that said Complaint is barred by the Statute of Limitations; to wit,

25  by the provisions of the Code of Civil Procedure, Section 335, et seq.

26  AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

27  herein, this answering Defendant is informed and believe and thereon allege that the Plaintiff's

28  employer was negligent and careless and that this carelessness and negligence on the part of the

2

1  Plaintiff's employer(s) proximately caused or contributed to the damages, if any, sustained by the

2  Plaintiff, and that by reason thereof, this answering Defendant is entitled to a reduction in any

3  verdict which may be rendered against this Defendant in the amount of any benefits paid or

4  payable to the Plaintiff on behalf of the Plaintiff's employer.

5        AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

6  herein, this answering Defendant alleges that if Plaintiff was, in fact, acting within the course and

7  scope of employment, Plaintiff's exclusive remedy is before the Worker's Compensation Appeals

8  Board, this court having no jurisdiction to determine this matter.

9        WHEREFORE, this answering Defendant prays that Plaintiff take nothing by reason of the

10  Complaint on file herein, that this answering Defendant be awarded costs of suit herein incurred,

11  and for such other, further, and different relief as may be deemed appropriate by the Court.

12  Dated: April 15, 2019                        CASEY LAW GROUP

13

14

                                       By: _____

15                                   ARTHUR J. CASEY

16                                 Attorneys for Defendant COSTCO
                               WHOLESALE CORPORATON

17

18

19

20

21

22

23

24

25

26

27

28

                                    3

ANSWER TO COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

*CASEY LAW GROUP*
*ATTORNEYS AT LAW*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASEY LAW GROUP
ATTORNEYS AT LAW

**PROOF OF SERVICE**
*Neky v. Costco*
**Case No.:  19CIV00358**

I, Maggie Le, declare:

I am over the age of eighteen (18) years and not a party to the within entitled action.  I am employed Casey Law Group.  My business address is 16450 Los Gatos Blvd., Suite 110, Los Gatos, California 95032.  I am readily familiar with Casey Law Group's practice for collection and processing of documents for delivery by way of the service indicated below.

On April 15, 2019, I served the following document:

**ANSWER TO COMPLAINT FOR PERSONAL INJURIES AND DAMAGES**

on the interested party(ies) in this action as follows:

| | |
|---|---|
| Bradley J. Swingle | Attorneys for Plaintiff Michael Neky |
| Richard D. Moths | Tel:    (209) 522-2211 |
| Arata, Swingle, Van Egmond & Goodwin | Fax:    (209) 522-2980 |
| 1207 I Street | |
| Post Office Box 3287 | |
| Modesto, CA 95353 | |

**By Mail.**  By placing said document in an envelope or package for collection and mailing, addressed to the person at the address listed above, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing of mail.  Under that practice, on the same day that mail is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 15, 2019, at Los Gatos, California.

Maggie Le

4
ANSWER TO COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* 123273 | FOR COURT USE ONLY |
|---|---|

Arhur J. Casey - Casey Law Group
16450 Los Gatos Blvd., Suite 110
Los Gatos, CA 95032
    TELEPHONE NO.: 408-660-3102        FAX NO. *(Optional):* 408-660-3105
    E-MAIL ADDRESS *(Optional):* acasey@caseylawsj.com
    ATTORNEY FOR *(Name):* Defendant Costco Wholesale Corporation

**FILED**
**SAN MATEO COUNTY**
MAY 0 1 2019
Clerk of the Superior Court
By _____
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
    STREET ADDRESS: 400 County Center
    MAILING ADDRESS:
    CITY AND ZIP CODE: Redwood City, CA 94063
    BRANCH NAME: Civil Division

    PLAINTIFF/PETITIONER: Michael Neky

DEFENDANT/RESPONDENT: Costco Wholesale Corporation

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☑ **UNLIMITED CASE**   ☐ **LIMITED CASE**<br>(Amount demanded   (Amount demanded is $25,000<br>exceeds $25,000)   or less) | 19CIV00358 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: May 17, 2019        Time: 9:00 a.m.    Dept.: 11        Div.:        Room:
Address of court *(if different from the address above):*

☑ Notice of Intent to Appear by Telephone, by *(name):* Arthur J. Casey

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
    a. ☑ This statement is submitted by party *(name):* Defendant Costco Wholesale Corporation
    b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a. The complaint was filed on *(date):*
    b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b. ☐ The following parties named in the complaint or cross-complaint
        (1) ☐ have not been served *(specify names and explain why not):*
        (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
        (3) ☐ have had a default entered against them *(specify names):*
    c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
    a. Type of case in ☑ complaint    ☐ cross-complaint    *(Describe, including causes of action):*
        Personal Injury

19 – CIV – 00358
CMS
Case Management Statement
1798328

File By Fax

Page 1 of 6

**CM-110**

| PLAINTIFF/PETITIONER: Michael Neky | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Costco Wholesale Corporation | 19CIV00358 |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

     Slip and fall incident occurred on January 19, 2017.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request  ☑ a jury trial  ☐ a nonjury trial.    *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐ The trial has been set for *(date):*
    b.  ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
        6/17-7/19; 7/26-7/28; 8/12-8/16; 9/16-9/20; 9/23-9/25; 10/7-10/11; 11/4-11/8; 12/16-12/18 (trials)
        2020: 1/13-1/15; 2/14-2/19; 2/21-2/28; 3/2-3/13; 3/19-3/21; 3/23-3/27; 7/1-7/3; 9/9-9/9-11; 10/5-10/9; (trials)

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☑ days *(specify number):* 5-7
    b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial  ☑ by the attorney or party listed in the caption  ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:                                        f.   Fax number:
    e.  E-mail address:                                          g.   Party represented:
    ☐ Additional representation is described in Attachment 8.

9.  **Preference**
    ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
        (1)  For parties represented by counsel: Counsel ☑ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
        (2)  For self-represented parties: Party ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.
    b.  **Referral to judicial arbitration or civil action mediation** (if available).
        (1)  ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
        (2)  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
        (3)  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110 [Rev. July 1, 2011]          **CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER:  Michael Neky | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Costco Wholesale Corporation | 19CIV00358 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4)  Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5)  Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110

| PLAINTIFF/PETITIONER: Michael Neky | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Costco Wholesale Corporation | 19CIV00358 |

## 11. Insurance

a. ☑ Insurance carrier, if any, for party filing this statement *(name):* Gallagher Bassett Services

b. Reservation of rights: ☐ Yes ☑ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*


## 12. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

## 13. Related cases, consolidation, and coordination

a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

## 14. Bifurcation

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

## 15. Other motions

☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
    Standard motions in limine at time of trial.

## 16. Discovery

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Deposition of Plaintiff | August 2019 |
| | Written Discovery | July 2019 |
| | Expert discovery | Pursuant to Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Michael Neky | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Costco Wholesale Corporation | 19CIV00358 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: April 30, 2019

Arthur J. Casey
_____ ▶ _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY)

_____ ▶ _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**PROOF OF SERVICE**
*Neky v. Costco*
**San Mateo County Superior Court Case No.: 19CIV00358**

I, Maggie Le, declare:

I am over the age of eighteen (18) years and not a party to the within entitled action. I am employed Casey Law Group. My business address is 16450 Los Gatos Blvd., Suite 110, Los Gatos, California 95032. I am readily familiar with Casey Law Group's practice for collection and processing of documents for delivery by way of the service indicated below.

On April 30, 2019, I served the following document(s):

**CASE MANAGEMENT STATEMENT**

on the interested party(ies) in this action as follows:

| | |
|---|---|
| Bradley J. Swingle | Attorneys for Plaintiff Michael Neky |
| Richard D. Moths | Tel:    (209) 522-2211 |
| Arata, Swingle, Van Egmond & Goodwin | Fax:   (209) 522-2980 |
| 1207 I Street | |
| Post Office Box 3287 | |
| Modesto, CA 95353 | |

**By Mail.** By placing said document in an envelope or package for collection and mailing, addressed to the person at the address listed above, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing of mail. Under that practice, on the same day that mail is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 30, 2019, at Los Gatos, California.

Maggie Le

CASEY LAW GROUP
ATTORNEYS AT LAW

CAPTION

2

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Bradley J. Swingle, SBN 171535/Richard D. Moths/SBN 298455<br>Arata Swingle Van Egmond & Goodwin<br>1207 I Street<br>Modesto, CA 95354<br>TELEPHONE NO.: (209)522-2211   FAX NO. *(Optional)*: (209)522-2980<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Michael Robert Neky | **FILED**<br>**SAN MATEO COUNTY**<br>MAY 0 3 2019<br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, 94063
BRANCH NAME: Southern Branch: Hall of Justice and Records

PLAINTIFF/PETITIONER: Michael Robert Neky

DEFENDANT/RESPONDENT: Costco Wholesale Corporation

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ UNLIMITED CASE ☐ LIMITED CASE<br>(Amount demanded (Amount demanded is $25,000<br>exceeds $25,000) or less) | 19CIV00358 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: May 17, 2019   Time: 9:00 a.m.   Dept.: 11   Div.:   Room:

Address of court *(if different from the address above)*:

☒ Notice of Intent to Appear by Telephone, by *(name)*: Richard D. Moths

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☒ This statement is submitted by party *(name)*: Michael Robert Neky
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

19 - CIV - 00358
CMS
Case Management Statement
1801512

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: January 17, 2019
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☒ complaint ☐ cross-complaint   *(Describe, including causes of action)*:
      Slip and fall.

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

RECEIVED
SAN MATEO COUNTY

MAY 0 3 2019

Clerk of the Superior Court

**CM-110**

| PLAINTIFF/PETITIONER: Michael Robert Neky | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Costco Wholesale Corporation | 19CIV00358 |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff was working for Heartland Express at the time of delivery to Defendant's Foster City location. Plaintiff slipped and fell on the loading dock suffering injury a broken left leg. Plaintiff is seeking general damages, special damages, wage loss and future wage loss.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request   ☒ a jury trial.   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☒   days *(specify number):* 5-7
b.   ☐   hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   E-mail address:
f.   Fax number:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.  **Preference**
☐   This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)   For parties represented by counsel: Counsel ☒ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)   For self-represented parties: Party ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).
(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: Michael Robert Neky | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Costco Wholesale Corporation | 19CIV00358 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: Michael Robert Neky | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Costco Wholesale Corporation | 19CIV00358 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written discovery to Defendant | 6/2019 |
| Plaintiff | Deposition of PMK at Costco | 9/2019 |
| Plaintiff | Depositions of witnesses | 12/2019 |
| Plaintiff | Expert depositions | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: Michael Robert Neky | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Costco Wholesale Corporation | 19CIV00358 |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: April 30, 2019

Richard D. Moths
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

# PROOF OF SERVICE

I am employed in the County of Stanislaus; my business address is P.O. Box 3287, Modesto, California 95353. I am over the age of 18 years and not a party to the foregoing action.

On April 30, 2019, I served the following document(s):

## CASE MANAGEMENT STATEMENT

__X____        By mail on the following party(ies) in said action, in accordance with Code of Civil Procedure Section 1013a, by placing a true copy thereof enclosed in a sealed envelope in the firm's daily mail processing center for mailing in the United States mail at Modesto, California.

_____         By personally delivering a true copy thereof, in accordance with Code of Civil Procedure Section 1011, to the person(s) and at the address(es) set forth below.

_____         By overnight delivery on the following party(ies) in said action, in accordance with Code of Civil Procedure Section 1013(c), by placing a true copy thereof enclosed a sealed envelope, with delivery fees paid or provided for, in a designated area for outgoing overnight mail, addressed as set forth below.

_____         By facsimile transmission, by use of facsimile machine in   accordance with Code of Civil Procedure Section 1013(e) and California Rules of Court 2008(e), to the following party(ies) at the facsimile number(s) indicated. This transmission was reported as complete and without error.

_____         By electronic mail, by use of electronic transmission in accordance with Code of Civil Procedure Section 1010.6(a)(1)(A), to the following party(ies) at the email address indicated below.

| | |
|---|---|
| Stephanie A. Merri<br>Lenahan, Lee, Slater, Pearse & Majernik, LLP<br>2542 River Plaza Drive<br>Sacramento, CA 95833<br>Telephone: 916-443-1030<br>Facsimile: 916-443-0869<br>smerri@lenahanlaw.net | Gary Nelson<br>The Law Office of Gary C. Nelson<br>421 13th Street<br>Modesto, CA 95354<br>Telephone: 209-524-9200<br>Facsimile: 209-524-9300 |
| Arthur Casey<br>Casey Law Group<br>16450 Las Gatos Blvd., Ste.110<br>Los Gatos, CA 95032<br>Telephone: 408-660-3102<br>Facsimile: 408-660-3105<br>acasey@caseylawsj.com | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on April 30, 2019 at Modesto, California.

Mary Ann Jefferies

Case Number: 19-CIV-00358



**SUPERIOR COURT OF SAN MATEO COUNTY**
400 County Center                    1050 Mission Road
Redwood City, CA 94063          South San Francisco, CA 94080
www.sanmateocourt.org

# Minute Order

| MICHAEL NEKY  vs.  COSTCO WHOLESALE CORPORATION, et al | 19-CIV-00358 |
|---|---|
| | 05/17/2019 9:00 AM |
| | Case Management Conference |
| | **Hearing Result:**  Held |

**Judicial Officer:** <u>Scott, Joseph C.</u>          **Location:** <u>Courtroom 2G</u>
**Courtroom Clerk:** <u>Cheryl Lyssand</u>          **Courtroom Reporter:**

**Parties Present**

**Exhibits**

**Minutes**
*Journals*
- Counsel Richard D. Moths for plaintiff appeared by CourtCall.

Counsel Arthur J. Casey for defendant appeared by CourtCall.

The Court deems this matter at issue.

Parties stipulate to go to mediation. Court orders parties to complete mediation by the Mandatory Settlement Conference date.

Parties are ordered to file a written stipulation & order for mediation with the Court within 21 days.

Master Calendar to set PLAINTIFF jury trial for: March 30, 2020.

Jury Trial estimated 7 days.

Master Calendar to set a MSC date accordingly & send proper notice.

The parties spoke with the ADR director regarding mediation.

 - 3 -
*Case Events*
- Master Calendar to set MSC date accordingly and send notice

**Others**
*Comments:*

**Future Hearings and Vacated Hearings**

1



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Department
400 County Center, Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

| MICHAEL NEKY<br>Plaintiff (s)<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION<br>Defendant (s) | Case Number: 19-CIV-00358<br><br>**Clerk's Notice of Jury Trial and<br>Mandatory Settlement Conference** |
|---|---|
| Title:  **MICHAEL NEKY  VS.  COSTCO WHOLESALE CORPORATION, ET AL** | |

RICHARD D MOTHS
ARATA SWINGLE VAN EGMOND & GOODWIN
1207 I STREET
POST OFFICE BOX 3287
MODESTO CA  95353

ARTHUR J CASEY
CASEY LAW GROUP
16450 LOS GATOS BOULEVARD STE 110
LOS GATOS CA  95032

The above named parties and their respective attorneys are hereby notified that the above matter is
calendared for a **Mandatory Settlement Conference** on **3/16/2020** at **1:30 PM** at the Hall of Justice and
Records, 400 County Center, Redwood City, California 94063.

**Parties are directed to comply with Local Rule of Court 2.4 and are admonished that the Court will insist on
strict compliance therewith.  Sanctions may be imposed for failure to comply.   A conference statement shall
be delivered to the Court with proof of actual service on the opposing party no less than five (5) court days
before the date of the hearing.**

The above named parties and their respective attorneys are hereby notified that the above matter is
calendared for **Jury Trial** on **3/30/2020** at **9:00 AM** at the Hall of Justice and Records, 400 County Center,
Redwood City, California 94063.

Note: Jury fees must be posted within the time required by CCP Section 631.

Pursuant to Rules 3.1385, California Rules of Court, you must advise the Court of any change of status, or
settlement of this case.

Rev. Jun. 2016

**CLERK'S CERTIFICATE OF MAILING**

I hereby certify that I am the clerk of this Court, not a party of this cause; that I served a copy of this notice on the below date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 5/17/2019                                    Neal I. Taniguchi, Court Executive Officer/Clerk

By: _____

Blanca Solis,
Deputy Clerk

Rev. Jun. 2016

1  BENJAMIN D. ORAM, SBN 269453
2  LENAHAN, LEE, SLATER, PEARSE, & MAJERNIK, LLP
   2542 River Plaza Drive
3  Sacramento, CA 95833
   Telephone:   (916) 443-1030
4  Facsimile:   (916) 443-0869

5  Attorneys for Lien Claimant:
6  **HEARTLAND EXPRESS, INC.**

**FILED**
SAN MATEO COUNTY

MAY 2 9 2019

Clerk of the Superior Court

By _____
DEPUTY CLERK

7

8              **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **IN AND FOR THE COUNTY OF SAN MATEO**

10

11  MICHAEL NEKY,                        CASE NO. 19CIV00358

12              Plaintiff,               **APPLICATION FOR LIEN**

13  vs.

14  COSTCO WHOLESALE
    CORPORATION, DOES 1 through 25,
15  Inclusive,

16                                       

17              Defendants.

18

19

20      **TO:  THE SAN MATEO COUNTY SUPERIOR COURT, ALL PARTIES AND THEIR**

21  **ATTORNEYS OF RECORD:**

22      Pursuant to California Labor Code §3586, et seq., and on the following grounds, Lien Claimant

23  HEARTLAND EXPRESS, INC. (hereinafter "IHSS"), hereby claims and applies for a first lien in the

24  sum of $116,048.00, against any settlement or judgment in this action, and further claims and applies

25  for a first lien in the amount of any additional sum which hereafter may be paid as workers'

26  compensation benefits to or on behalf of Plaintiff MICHAEL NEKY, with said lien(s) to be satisfied

27  or paid before payment of any settlement or satisfaction of any judgment in this action.

28

                              APPLICATION FOR LIEN

1.     On or about January 19, 2017, plaintiff in this action was employed by HEARTLAND EXPRESS, INC. at that time and plaintiff's employer was obligated to provide worker's compensation benefits to employees of HEARTLAND EXPRESS, INC., including plaintiff.

2.     As a proximate result of the injuries to plaintiff, and pursuant to the liability of Lien Claimant under the California workers' compensations laws, Lien Claimant has paid to and on behalf of plaintiff, the minimum sum of $116,048.00, as and for workers' compensation benefits, including medical care and temporary and/or permanent disability indemnity.

Dated: May 28, 2019         **LENAHAN, LEE, SLATER, PEARSE, & MAJERNIK, LLP**

By: _____

BENJAMIN D. ORAM, ESQ.
Attorney for Lien Claimant
**HEARTLAND EXPRESS, INC.**

APPLICATION FOR LIEN

1   RE:  **Michael Neky v. Costco Wholesale Corp., et al.**

2         **San Mateo County Superior Court Case No. 19CIV00358**

3                    **PROOF OF SERVICE BY MAIL**

4        I, JANA M. LARA, hereby declare and state that I am over the age of eighteen years,

5   employed in the City and County of Sacramento, California, and not a party to the within action. My

6   business address is 2542 River Plaza Drive, Sacramento, California 95833.

7        On this date, I served the **APPLICATION FOR LIEN,** on the following parties:

8   *Attorney for Plaintiff:*                 *Attorney for Defendant:*

9   Bradley J. Swingle, Esq.             Arthur J. Casey, Esq.
Richard D. Moths, Esq.              CASEY LAW GROUP

10  ARATA, SWINGLE, VAN EGMOND     16450 Los Gatos Blvd, Ste. 110
& GOODWIN                    Los Gatos, CA 95032

11  P.O. Box 3287

12  Modesto, CA 95353

13

14    X    **(BY MAIL)** I placed each such sealed envelope, with postage thereon fully prepaid for first-class

15  mail, for collection and mailing on the parties in said action.

16        **(BY PERSONAL SERVICE)** I personally delivered by hand said documents to the addressee(s)

17  noted above.

18        **(BY FACSIMILE)** I caused the said document(s) to be transmitted by facsimile to the telephone

19  number(s) indicated to the addressee(s) noted above.

          **(BY FEDERAL EXPRESS)** I placed a true and correct copy of the within document(s) in a sealed

20  envelope and deposited in the Federal Express depository for overnight mail.

21        **(BY E-MAIL)** I caused a scanned copy of said documents to be transmitted via Electronic Mail to the

22  recipient(s) at the E-Mail address(es) indicated to the addressee(s) noted above.

23        I declare under penalty of perjury that the foregoing is true and correct, and that this

24  declaration was executed on May 28, 2019, at Sacramento, California.

25                           JANA M. LARA

26

27

28