UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEKY,<br>　　　　Plaintiff,<br>　v.<br>COSTCO WHOLESALE CORPORATION,<br>　　　　Defendant. | Case No. 19-cv-03781-WHO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 6 |

## INTRODUCTION

Plaintiff Michael Neky filed suit in San Mateo County Superior Court against defendant Costco Wholesale Corporation ("Costco") alleging negligence and premises liability. Costco removed the case to federal court based on diversity jurisdiction, and Neky has filed a motion to remand. Because Costco's Notice of Removal was filed outside of the 30-day window allowed by 28 U.S.C. § 1446(b)(3), the Motion to Remand is GRANTED.

## BACKGROUND

On January 19, 2017, while working for Heartland Express, Inc., Neky made a delivery to a Costco-owned property in Foster City, California. Complaint, Ex. A to the Notice of Removal [Dkt. No. 1-1] ("Compl.") ¶ 6. During the delivery, he slipped and fell on a wet area of the property's delivery docks, sustaining severe personal injuries. *Id*. at ¶ 7. He alleges that Costoco's negligence and failure to maintain the property were the proximate causes of his fall and subsequent injuries. *Id*. at ¶ 8.

Neky filed suit in state court on January 17, 2019, alleging negligence and premises liability against the defendant. In his Complaint, Neky requests general damages, special damages, loss of earnings, and other costs in an unspecified amount. *Id*. On March 1, 2019, Costco's registered agent was personally served with summons, a copy of the Complaint, and other papers, including plaintiff's Statement of Damages enumerating over $1 million in general and specific damages. Proof of Service of Summons and Statement of Damages, attached at Ex. A

to the Notice of Removal [Dkt. No. 1-1 at ECF Pgs. 15-17 of 40]. The Proof of Service was signed by the process server on March 7, 2019, and was filed with the Superior Court on March 25, 2019. Dkt. No. 1-1 ECF Pg. 15. Costco filed an answer to the Complaint on April 15, 2019. Dkt. No. 1-1 ECF pgs. 18-21 of 40.

On May 30, 2019, Costco's counsel of record received an Application for Lien from Heartland Express, Inc., claiming and applying for a lien of $116,048.00. Notice of Removal [Dkt. No. 1] 2-3. The Application for Lien states that "[a]s a proximate result of the injuries to plaintiff . . . [Heartland Express, Inc.] has paid to and on behalf of plaintiff, the minimum sum of $116,048.00, as and for workers' compensation benefits and medical care and temporary and/or permanent disability indemnity." *Id*.

On June 28, 2019, Costco removed the case to this court on the basis of diversity jurisdiction. *Id*. On July 26, 2019, Neky filed a motion to remand, asserting that removal was improper because there is not complete diversity among the parties and the Notice of Removal was untimely. Dkt. No. 6.

## LEGAL STANDARD

A defendant may remove a case from state to federal court by filing a notice of removal that lays out the grounds for removal. 28 U.S.C. § 1441(a). A "notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The removal statute's "time limit is mandatory and a timely objection to a late petition will defeat removal. . . ." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).

## DISCUSSION

Costco filed the Notice of Removal on June 28, 2019, after its counsel received the Application for Lien on May 30, 2019. Dkt. No. 1. It claims the Application for Lien was the first indicator that the case involved an amount in controversy above the $75,000 threshold for diversity jurisdiction. Costco's Opposition to Motion to Remand 3, 6-8 [Dkt. No. 11]. However, Neky points out that Costco was served with the Statement of Damages seeking a total of

$1,525,000.00 in damages on March 1, 2019. Motion to Remand 3 [Dkt. No. 6], Dkt. No. 1-1 at ECF pgs. 14-17. Because Costco filed the Notice of Removal more than 30 days after March 1, 2019, Neky argues the Notice was untimely and therefore invalid. *Id*. at 4-5.

A defendant must file its notice of removal, including "a short and plain statement of the grounds for removal," within 30 days of receiving the initial pleading. 28 U.S.C. § 1446. If the initial pleading does not appear removable on its face, the defendant may file a notice of removal "within 30 days after receipt . . . , through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). If a notice of removal is filed outside the 30-day limit and the opposing party objects in a timely manner, removal is defeated. *Fristoe*, 615 F.2d at 1212.

Costco failed to file its Notice of Removal within 30 days of being served with plaintiff's Statement of Damages, making removal untimely. Although the Complaint did not indicate a specific amount in controversy, the Statement of Damages that was served with the Complaint outlined general and specific damages of $1,525,000.00. Statement of Damages, Dkt. No. 1-1 at ECF pgs. 14-17. Statements of damages, like the one here, are considered "the functional equivalent of an amendment to a complaint." *Plotitsa v. Superior Court*, 140 Cal. App. 3d 755, 759 (1983). Its service on March 1, 2019, therefore, triggered the 30-day period to remove the case.

In its opposition, Costco objects to the court taking judicial notice of the Statement of Damages and the related Proof of Service. Oppo. 7. However, the Statement of Damages, as well as the Complaint and the Proof of Service, were part of the Costco's Notice of Removal. Dkt. No. 1-1. These documents are part of the record of this case, and subject to judicial notice in the same way the state court Complaint is. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own records).

Costco also notes that the California statute governing statements of damages provides that

a defendant "may" ask for plaintiff to provide one. Cal. C.C.P. § 425.11.[1]  But there is nothing in the statutory language that *prevents* a plaintiff from serving one on its own accord, absent a request from the defendant. *Id*. The purpose of the statute "is to give the defendant specific notice of damages sought," therefore allowing defendants to better address claims brought against them. *Debbie S. v. Ray*, Cal. App. 4th 193, 199 (1993). Costco was given that specific notice when Neky served the Statement of Damages on March 1, 2019. Costco had notice that this case was removable on that date.

Costco does not dispute, through a declaration or otherwise, that it received the Statement along with the Complaint on March 1, 2019. Costco's counsel merely asserts that he was not aware of the amount in controversy until he received the Application for Lien. Declaration of Arthur J. Casey [Dkt. No. 11-1]. But that does not counter or otherwise undermine Neky's Proof of Service of the Statement on March 1, 2019.

Defendant did not file a timely notice of removal and, therefore, this case must be remanded.[2]

## CONCLUSION

Because defendant's Notice of Removal was filed after the 30-day statutory limit, the Motion to Remand is GRANTED and the case is remanded to the Superior Court of California, County of San Mateo.

**IT IS SO ORDERED.**

Dated: October 10, 2019

William H. Orrick
United States District Judge

---

[1] Cal. Code Civ. Proc. § 425.11(b) provides "When a complaint is filed in an action to recover damages for personal injury or wrongful death, the defendant may at any time request a statement setting forth the nature and amount of damages being sought. The request shall be served upon the plaintiff, who shall serve a responsive statement as to the damages within 15 days."

[2] Because the notice of removal was untimely, I need not reach whether there is diversity jurisdiction.

4